Kintoro PRANTA, Petitioner,

v.

Alberto R. GONZALES, as Attorney General of the United States, Michael Garcia, as Assistant Secretary of the U.S. Department of Homeland Security, Michael Ficke, as Special Agent–in–Charge of the New York District of the Bureau of Immigration and Customs Enforcement, United States Department of Homeland Security, Respondents.

No. 05–2833–AG.

United States Court of Appeals, Second Circuit.

May 18, 2006.

Lawrence Spivack, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, David C. James, Andrea Goldbarg, Assistant United States Attorneys, Brooklyn, New York, for Respondents, of counsel.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Kintoro Pranta, a native and citizen of Indonesia, filed a petition for review of a May 1, 2005 BIA decision affirming Immigration Judge ("IJ") Robert D. Weisel's denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ Even assuming that we have jurisdiction to review the BIA's finding that Pranta's asylum application was untimely, we would not disturb the IJ's determination that Pranta did not show "changed circumstances" justifying a late filing of his asylum application pursuant to INA 208(a)(2)(D). The IJ was correct that Pranta failed to offer any objective evidence to show that the conditions in Indonesia changed for the worse between the time he last arrived in the United States and the time he submitted his application for asylum.

■ There is also no basis to disturb the IJ's denial of withholding of removal.

Pranta argues that, in reviewing his testimony concerning his past experiences with Indonesian Muslims, the IJ neglected to assess the cumulative impact of multiple instances of property destruction due to his ethnicity and religion. Pranta's argument is simply incorrect. The IJ specifically assessed the cumulative impact of the instances described by Pranta and determined that, "even in the aggregate", the events that Pranta described amounted to harassment, but not persecution. We agree.

Pranta argues further that all of the objective material in the record indicates that he and other Chinese Christians face real dangers to their personal safety and their ability to practice their faith throughout Indonesia. The IJ observed that the U.S. State Department Country Reports on Human Rights indicate that the Chinese minority has recently been further integrated into Indonesian culture through Chinese books, music, television, and radio. The report states also that there were "instances of discrimination and harassment" against ethnic Chinese, but does not indicate that there was a resurgence of anti-Chinese violence that plagued the country in 1998. While the cyclical nature of the violence against Indonesians might be thought to make out an asylum claim, *see Sael v. Ashcroft,* 386 F.3d 922, 929 (9th Cir.2004), the record as a whole supports the IJ's decision that there is not a clear probability that Pranta will be subject to persecution if he returns to Indonesia now.

■ Pranta has not challenged the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petitions for review are DENIED. Having com-

pleted our review, any stay of removal the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. The pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).